# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **AMERICAN ALTERNATIVE INSURANCE CORPORATION,** | ) ) ) |
| **Plaintiff,** | ) ) |
| VS. | ) ) **CIVIL ACTION NO:** |
| **SLOCUMB LAW FIRM, LLC; MICHAEL W. SLOCUMB; JOSHUA STEMLE;** and **LAMIECE JANICE ROSE FLANNIGAN, as Executor of the Estate of Jimmie Nickerson,** | ) ) ) ) ) ) ) ) |
| **Defendants.** | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, the Plaintiff American Alternative Insurance Corporation ("AAIC"), and files the following Complaint for Declaratory Judgment, stating as follows:

## PARTIES

1.    Plaintiff AAIC is a stock company incorporated in the State of Delaware, with its principal place of business in the State of New Jersey.

2.    Defendant Slocumb Law Firm, LLC is a limited liability company with its principal place of business in the State of Alabama. Slocumb Law Firm's sole member is Defendant Michael W. Slocumb, a citizen of the State of Alabama.

1

3.     Defendant Michael W. Slocumb is an individual who is a citizen of the State of Alabama.

4.     Defendant Joshua Stemle is an individual who is a citizen of the State of Alabama.

5.     The decedent, Jimmie Nickerson, was a citizen of the State of Alabama, and proceedings to administer the Estate of Jimmie Nickerson are pending in the Probate Court of Jefferson County, Alabama.  Under 28 U.S.C. § 1332(c)(2), Defendant Lamiece Janice Rose Flannigan, as Executor of the Estate of Jimmie Nickerson, is a citizen of the State of Alabama.[1]

## JURISDICTION AND VENUE

6.     This is an action for declaratory judgment relief pursuant 28 U.S.C. §§ 2201, *et. seq.* and Rule 57 of the Federal Rules of Civil Procedure.

7.     This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because there is diversity of citizenship between the Plaintiff and the Defendants.

8.     The insurance policy at issue in this declaratory judgment action

---

[1] As explained in more detail below, if Flannigan is removed or substituted as the Executor of the Estate of Jimmie Nickerson, this Complaint will be amended to substitute in any successor personal representative.

2

provides for a per claim limit of liability,[2] inclusive of damages and claims expenses. The projected costs to AAIC of defending Slocumb Law Firm, Slocumb, and Stemle exceed the $75,000 threshold. Moreover, the amount in controversy in the complaint in the underlying lawsuit demands damages in excess of $300,000.

9. Venue of this declaratory judgment action is proper in the Southern Division of the Northern District of Alabama pursuant to 28 U.S.C. § 1391 because a substantial portion of the events or omissions giving rise to this claim occurred in this judicial district and division. For instance, the underlying lawsuit is currently pending in the Circuit Court of Jefferson County, Alabama. Venue is also proper under 28 U.S.C. § 1391 because Defendant Flannigan resides in Jefferson County, Alabama and Defendant Slocumb Law Firm regularly transacts business in Jefferson County, Alabama.

## FACTUAL ALLEGATIONS

**I.   The Malpractice Lawsuit**

10. Jimmie Nickerson, Jr. filed a lawsuit on June 24, 2018 in the Circuit Court of Jefferson County, Alabama, Case No. 01-CV-2018-902531, against Michael W. Slocumb, Michael L. White,[3] Joshua Stemle, and Slocumb Law Firm, LLC (the "Malpractice Defendants"), alleging legal malpractice (the "Malpractice

---

[2] This per claim limit figure exceeds $75,000.

[3] Michael L. White is not a Defendant in the present lawsuit because he is neither an insured under the AAIC Policy nor has he requested coverage from AAIC.

Lawsuit"). A copy of the complaint in the Malpractice Lawsuit, together with its exhibits, is attached hereto as Exhibit 1.

11. On October 24, 2018, Nickerson's attorney filed a Motion for Substitution of Proper Party in the Malpractice Lawsuit, requesting that Defendant Flannigan be ordered substituted as the plaintiff in the Malpractice Lawsuit. The motion stated that Nickerson passed away on July 15, 2018, and that Flannigan had been appointed his personal representative. A copy of this motion, together with its exhibits, is attached hereto as Exhibit 2.[4]

12. The complaint in the Malpractice Lawsuit alleges that the Malpractice Defendants filed a civil action on Nickerson's behalf in the Circuit Court of Jefferson County, Alabama, styled *R.B. Bizzell, Jr., Willie May Stovall, Jimmie Nickerson & Carl Hunter v. Birmingham-Jefferson County Transit Authority, Reginald Dee*

---

[4] On November 30, 2018, a creditor of the Estate of Jimmie Nickerson, D.C. Injury Solutions, LLC, filed a motion in the Probate Court of Jefferson County, Alabama to have Flannigan removed as the Executor of the Estate of Jimmie Nickerson. On January 29, 2019, Stemle filed a Motion for Judicial Notice, requesting that the court in the Malpractice Lawsuit take judicial notice of D.C. Injury Solutions, LLC's motion in the Probate Court of Jefferson County.

As of the date of the filing of this Complaint, both the Motion for Judicial Notice and the Motion for Substitution of Proper Party are still pending in the Malpractice Lawsuit. In addition, the Probate Court has taken no action to date on D.C. Injury Solutions, LLC's motion to have Flannigan removed as the Executor.

AAIC files this Complaint against Flannigan as the Executor of the Estate of Jimmie Nickerson because at this time the Probate Court has not acted on the motion for her removal as Executor and there is no other person to serve at this time. Should the Probate Court remove Flannigan and appoint a different personal representative, and/or should the Circuit Court in the Malpractice Lawsuit make a substitution different from Flannigan, this Complaint will be amended to substitute the appropriate representative party.

*Thomas et al.*, Case No. 68-CV-2015-900790 (the "BJCTA Lawsuit").

13. The complaint alleges that on July 12, 2016, the BJCTA Defendants moved the court for dismissal of the BJCTA Lawsuit with prejudice for failure to prosecute. The complaint further alleges that the court in the BJCTA Lawsuit entered an order on September 7, 2016 dismissing the action for want of prosecution. The complaint further alleges that the BJCTA court denied a Motion for Relief from Judgment filed by the Malpractice Defendants.

14. The complaint states that the action is brought pursuant to the Alabama Legal Services Liability Act, and alleges that the Malpractice Defendants breached the duty of care resulting in dismissal of the case.

## II. The Insurance Policy at Issue[5]

15. AAIC issued a claims made and reported Lawyers Professional Liability Insurance Policy, Policy No. 5LA2PL0001021-01, with a Policy Period of 11/4/2017 to 11/4/2018 to the Named Insured Slocumb Law Firm (the "Policy"). A copy of this Policy (limits and premium amount redacted) is attached hereto as Exhibit 3.

16. Item 6 of the Declarations provides: **Retroactive Date:** See

---

[5] In pleading these specific provisions, terms, exclusions, conditions and definitions, AAIC in no way waives its plea that other provisions, terms, exclusions, conditions and/or definitions may be applicable and reserves the right to amend this Complaint. Further, the failure to refer specifically to provisions of the Policy, other principles of law, or specific facts is not intended and does not waive any rights, claims, and/or coverage defenses AAIC may have under the provisions of the Policy and the applicable law.

RETROACTIVE DATE ENDORSEMENT.  The Retroactive Date Endorsement states:

> In consideration of the premium paid, it is agreed that the policy is amended as follows:
>
> The policy does not apply to any CLAIMS or CLAIMS arising from, attributable to, or based upon any WRONGFUL ACT(S) committed or alleged to have been committed by the following INSUREDS prior to the retroactive date listed in the following schedule.

17. The retroactive date listed on the schedule for Slocumb Law Firm, LLC, Michael Slocumb, and Josh Stemle is 11/4/2016.

18. On the following page, the first page of the Lawyers Professional Liability Insurance form, the Policy contains the following statement: "[I]n reliance upon the statements in the application and the supplements attached hereto and made a part hereof, and subject to all terms of the policy, the insurance company . . . agrees with the NAMED INSURED as follows:"

19. The Policy then sets out the trigger of coverage in the insuring agreements:

> **A. COVERAGE – PROFESSIONAL LIABILITY**
> 1. The Company shall pay on behalf of any INSURED all DAMAGES and related CLAIMS EXPENSES in excess of the deductible which any INSURED becomes legally obligated to pay as a result of CLAIMS first made against any INSURED during the POLICY PERIOD and reported to the Company in writing during the POLICY PERIOD or within sixty (60) days thereafter, by reason of any WRONGFUL ACT occurring on or after the RETROACTIVE DATE, but only to the extent this policy applies to such CLAIMS or DAMAGES. . . .

\* \* \*

20. Section III. Definitions of the Policy includes the following:

   **B.** CLAIM means a demand made upon any INSURED for DAMAGES, including but not limited to service of suit or institution of any alternative dispute resolution proceedings by any INSURED.

\* \* \*

   **E.** DAMAGES means the monetary and compensatory portion of any judgment, award or settlement . . . .

\* \* \*

   **V.** RETROACTIVE DATE means the date specified in the Declarations or in any endorsement attached hereto, on or after which any WRONGFUL ACT must have occurred in order for CLAIMS arising there from to be covered under this policy. CLAIMS arising from any WRONGFUL ACTS occurring prior to the RETROACTIVE DATE are not covered.

\* \* \*

   **X.** WRONGFUL ACT(S) means any actual or alleged:
   1. act;
   2. error;
   3. omission;
   4. misstatement;
   5. misleading statements;
   6. neglect or breach of duty or network privacy;
   7. personal injury; or
   8. advertising injury.

21. The Policy also contains a Prior Knowledge exclusion:

### Section IV. EXCLUSIONS

This policy does not apply to:

\* \* \*

**B.**   Prior Knowledge.  Any CLAIM arising out of any WRONGFUL

7

ACT occurring prior to the effective date of this policy if:

1. the matter had previously been reported to any insurance company; or,

2. if the INSURED at or before the effective date of this policy knew or could have reasonably foreseen that such WRONGFUL ACT might be expected to be the basis of a CLAIM.  However, this paragraph B.2 does not apply to any INSURED who had no knowledge of or could not have reasonably foreseen that any such WRONGFUL ACT might be expected to be the basis of a CLAIM.

3. In no event will a CLAIM be covered under this policy if it is attributable to or arises out of a WRONGFUL ACT that occurred prior to this policy's RETROACTIVE DATE.

22. The Policy includes the following conditions:

**B. INSURED'S DUTIES SUBSEQUENT TO CLAIM**

1. All INSUREDS shall cooperate with the Company in the defense, investigation and settlement of any CLAIM.

   Upon the Company's request, the INSURED, shall submit to examination, attend hearings, depositions and trials and assist in effecting settlement, securing and giving evidence and obtaining the attendance of witnesses in the conduct of suits, mediations or similar proceedings.

* * *

**J. ENTIRE AGREEMENT**

By acceptance of this policy, all INSUREDS reaffirm as of the effective date of this policy that:

1. the statements in the application including all information communicated by the INSURED to the Company, attached hereto and made a part hereof, are all INSUREDS' agreements and representations;

2. this policy is issued in reliance upon the truth and accuracy of such representations; and

    3. this policy includes all agreements between all INSUREDS and the Company relating to this insurance.

### K. APPLICATION REPRESENTATIONS

The application for this Policy attaches to and becomes a part of the Policy. The INSURED'S represent that the statements and representations contained in the application for this policy are true and shall be deemed material to the acceptance of the risk or the hazard assumed by the Company under this Policy. The signatory on the application is signing and acting on behalf of all INSUREDS. This Policy is issued in reliance upon the truth of such statements and representations. The INSUREDS agree that such statements and representations are material and if found to be untrue, this Policy shall be void.

* * *

## III. The Application for the Policy

23. Michael W. Slocumb, as owner of Slocumb Law Firm, signed an Application for Lawyers Professional Liability Insurance form on 11/14/2017. Part of this application was a letter dated November 14, 2017 (collectively the form and the letter are referred to as the "Application"). A copy of the Application (with appropriate redactions) is attached hereto as Exhibit 4.

24. Under the heading "INSURANCE AND CLAIM HISTORY", questions 6, 7, and 8 were answered in the following manner:

6. Has any lawyer Applicant, in the last three (3) years been refused admission to practice, disbarred, suspended, reprimanded, sanctioned, fined, or held in contempt by any court, state or local bar association, administrative agency, or regulatory body? ………………□ Yes □ No
If Yes, complete disciplinary supplement.

7. Is any person(s) or entity(ies) proposed for this insurance currently under investigation, or has any disciplinary complaint or grievance been made to any court, bar association, administrative agency or

>  regulatory body in the last three (3) years that resulted in any formal censure or other formal action? …………………………….☐ Yes ■ No
> If Yes, complete disciplinary supplement.

8. After inquiry, are any attorneys in your firm aware:
   If you answer either question "Yes," please complete the "Supplemental Claim Form"

   * * *

   > b. of any legal work or incidents that might be expected to lead to a claim or suit against them? ……..…………………..☐ Yes ☐ No

No disciplinary supplement or Supplemental Claim Form was completed.

25. Additionally, together with and as part of the Application, Slocumb submitted a letter signed by him dated November 14, 2017 that reads:

> I am not aware of any claims, potential claims, disciplinary matters, investigations, or circumstances that may give rise to a claim. I have specifically asked all lawyers and employees if they have any knowledge of any claim, potential claim, disciplinary matter, investigation, or circumstance that may give rise to a claim that is not listed in our application dated 11/14/17.  All lawyers and employees have answered no.
>
> This will also certify that to the best of my knowledge the information given on the application is unchanged since it was completed on 11/14/17.
>
> I declare the above statements to be true.  The signatory below is acting on behalf of all insured's.
>
> I understand and agree that this letter is a part of our policy application and becomes a part of the policy.

## IV. The Claim Investigation

26. On July 12, 2018, Michael Slocumb sent an email to Howard Tripolsky at Specialty Claims Management, a third-party administrator for AAIC.  The email stated it was a notice of claim ("Claim") pursuant to Policy No. 5LA2PL0001021-

10

01, and referenced the lawsuit recently filed against Michael W. Slocumb and Joshua Stemle. Tripolsky replied and asked for a copy of the complaint. On September 13, 2018, Slocumb Law Firm's personal counsel first forwarded the Malpractice Complaint to Tripolsky.

27. AAIC has been and continues to conduct its investigation into coverage under a full and complete reservation of rights under the Policy. AAIC has also assigned attorney James R. Shaw to defend Slocumb Law Firm, Slocumb, and Stemle pursuant to a full and complete reservation of rights.

28. An examination under oath of Joshua Stemle was taken on February 4, 2019. Stemle's testimony showed that by November 4, 2017, the inception date of the Policy and prior to the Application, Stemle knew at least the following: (a) that the BJCTA Lawsuit had been dismissed; (b) that the Motion for Relief from Judgment had been denied by the trial court; (c) that a Notice of Appeal of the Motion for Relief from Judgment had been filed on August 24, 2017; (d) that the Alabama Supreme Court had struck the Notice of Appeal as untimely; and (e) that there was a possibility of a claim against the firm.

29. Stemle's testimony further showed that by November 4, 2017, the inception date of the Policy and prior to the Application, Slocumb knew at least the following: (a) that the BJCTA Lawsuit had been dismissed; (b) that the Motion for Relief from Judgment had been denied by the trial court; (c) that a Notice of Appeal

of the Motion for Relief from Judgment had been filed on August 24, 2017; and (d) that the Alabama Supreme Court had struck the Notice of Appeal as untimely.

30. Stemle further testified that Slocumb did not ask him in 2017 if he was aware of any disciplinary matters or potential claims.

31. AAIC has attempted to obtain the examination under oath of Slocumb for more than six months, but Slocumb has refused to make himself available for an examination. In a letter dated March 20, 2019, Tripolsky notified Slocumb that in AAIC's view, Slocumb's failure to make himself available for the examination was a failure to cooperate.

32. By that March 20, 2019 letter, AAIC made a final attempt to obtain Slocumb's cooperation by requesting that Slocumb notify Tripolsky by March 27, 2019 of five dates in April that Slocumb would be available to sit for his examination. Slocumb did not respond to the communication.

33. Additionally, in its investigation, AAIC learned of information regarding some of the Slocumb Law Firm attorneys' disciplinary histories. Accompanying this Complaint is a Motion to File Under Seal Exhibit 5, which Exhibit sets forth a summary of the information learned regarding these disciplinary histories.

## COUNT I
### Declaratory Judgment that Coverage
### Has Not Been Triggered Under the Policy

34.     AAIC re-alleges and incorporates paragraphs 1-33 as if set out fully herein.

35.     Under the terms, provisions and conditions of the Policy and the undisputed evidence, it appears that the Claim clearly does not come within the terms and conditions of the Policy.

36.     Specifically, in order to trigger coverage under the insuring agreement, the Claim must be asserted because of a "WRONGFUL ACT occurring on or after the RETROACTIVE DATE."

37.     The term "RETROACTIVE DATE" "means the date specified in the Declarations or in any endorsement attached hereto, on or after which any WRONGFUL ACT must have occurred in order for CLAIMS arising there from to be covered under this policy.  CLAIMS arising from any WRONGFUL ACTS occurring prior to the RETROACTIVE DATE are not covered."

38.     Moreover, the Retroactive Date Endorsement states that "[t]he policy does not apply to any CLAIMS or CLAIMS arising from, attributable to, or based upon any WRONGFUL ACT(S) committed or alleged to have been committed by the following INSUREDS prior to the retroactive date listed in the following schedule."

13

39. The retroactive date listed on the schedule for Slocumb Law Firm, LLC, Michael Slocumb, and Josh Stemle is **11/4/2016**.

40. The claims in the Malpractice Lawsuit arise from, are attributable to, and/or are based on the wrongful act of allowing the BJCTA Lawsuit to be dismissed on **September 7, 2016**.

41. Therefore, AAIC submits it is entitled to a declaration that AAIC has no duty to defend or indemnify Slocumb Law Firm, Slocumb, or Stemle in the Malpractice Lawsuit because coverage has not been triggered under the Policy.

42. AAIC further respectfully submits that given that the alleged Wrongful Act from which the Claim arises is clearly prior to the retroactive date, for this reason in and of itself, AAIC is due to be accorded declaratory relief.

## COUNT II
### Declaratory Judgment that Coverage Is Excluded Under the Policy

43. AAIC re-alleges and incorporates paragraphs 1-33 as if set out fully herein.

44. Separately and severally, AAIC submits that based on the Policy as well as its continued investigation and the evidence, it appears clear that it has no duty to defend or indemnify Slocumb Law Firm, Slocumb, or Stemle under the Policy because coverage is excluded under the Policy's Prior Knowledge Exclusion.

45. Before the Policy's effective date of 11/4/2017, Slocumb "knew or

could have reasonably foreseen that such WRONGFUL ACT might be expected to be the basis of a CLAIM." Slocumb obtained knowledge of the pertinent facts in his capacity as owner of Slocumb Law Firm.

46. Before the Policy's effective date of 11/4/2017, Stemle "knew or could have reasonably foreseen that such WRONGFUL ACT might be expected to be the basis of a CLAIM." Stemle obtained knowledge of the pertinent facts in his capacity with the Slocumb Law Firm.

47. The knowledge of Slocumb and/or Stemle is imputed to Slocumb Law Firm.

48. Before the Policy's effective date of 11/4/2017, Slocumb Law Firm "knew or could have reasonably foreseen that such WRONGFUL ACT might be expected to be the basis of a CLAIM."

49. Therefore, for this separate and independent reason, AAIC submits it is entitled to a declaration that it has no duty to defend or indemnify Slocumb Law Firm, Slocumb, or Stemle in the Malpractice Lawsuit.

### COUNT III
**Declaratory Judgment to Prevent Recovery Under the Policy
or, in the Alternative, Rescind the Policy Pursuant to the Policy Provisions and Ala.
Code § 27-14-7**

50. AAIC re-alleges and incorporates paragraphs 1-33 as if set out fully herein.

51. Separately and severally, AAIC submits that based on the Policy as well

as its continued investigation and the evidence, it appears clear that it has no duty to defend or indemnify Slocumb Law Firm, Slocumb, or Stemle under the Policy and also, separately and severally, under Ala. Code § 27-14-7.

52. Slocumb, on behalf of Slocumb Law Firm and himself and the other insureds, completed the Application for insurance, including the letter submitted therewith, on November 14, 2017. The representations in the Application were the representations of all insureds, including Slocumb Law Firm, Slocumb, and Stemle.

53. On the Application, Slocumb misrepresented, omitted, concealed, and/or incorrectly stated the following:

   a. The disciplinary history of some of the lawyers proposed for coverage, as set out in Exhibit 5 to this Complaint;

   b. Whether, after inquiry, there were any attorneys in the firm aware of legal work or incidents that might be expected to lead to a claim;

   c. The factual basis of this potential claim that lead to the Malpractice Lawsuit; and/or

   d. That Slocumb had specifically asked all lawyers and employees if they had any knowledge of any "claim, potential claim, disciplinary matter, investigation, or circumstance that may give rise to a claim."

54. Slocumb knew these representations were incorrect and/or that information was omitted from the Application.

55. These representations and/or omissions were material, and AAIC reasonably relied on the information and statements in the Application in issuing the Policy and/or in issuing the Policy at the rate it did.

56. As a result, Slocumb Law Firm, Slocumb, and Stemle obtained issuance of the Policy on the rate and the terms at which it was issued.

57. Moreover, even if the representations or omissions referenced in paragraph 53(a) were made negligently and/or innocently, these representations were material to the acceptance of the risk and/or the hazard assumed by AAIC.

58. As an additional basis for preventing recovery under the Policy, even if the representations or omissions referenced in paragraph 53(a) were made negligently and/or innocently, if AAIC had known the truth it would have not issued the Policy and/or would not have issued the Policy at the premium rate as applied for.

59. Therefore, AAIC is entitled to a declaration that recovery is prevented under the Policy and, separately and severally, pursuant to Ala. Code § 27-14-7. In the alternative, AAIC is entitled to rescission of the Policy and a declaration that the Policy is void.

## COUNT IV
## Declaratory Judgment That There Is No Coverage
## for Slocumb or Slocumb Law Firm Due to Failure to Cooperate

60. AAIC re-alleges and incorporates paragraphs 1-33 as if set out fully herein.

61. Separately and severally, AAIC submits that based on the Policy as well as its continued investigation and the evidence, it appears clear that it has no duty to defend or indemnify Slocumb or Slocumb Law Firm due to Slocumb's failure to cooperate with AAIC in the investigation of the claim.

62. As part of Condition B., Insured's Duties Subsequent to Claim, the Policy requires that the insureds cooperate with the Company in the "defense, investigation, and settlement of any CLAIM."

63. That condition also states that an insured "shall submit to examination, attend hearings, depositions and trials and assist in effecting settlement, securing and giving evidence and obtaining the attendance of witnesses in the conduct of suits, mediations or similar proceedings."

64. Slocumb, on behalf of himself and on behalf of Slocumb Law Firm, has refused to make himself available for an examination as provided by the Policy.

65. Therefore, AAIC is entitled to a declaration that there is no coverage owed under the Policy for Slocumb and/or Slocumb Law Firm for failure to comply with a condition and failure to cooperate.

WHEREFORE, Plaintiff AAIC requests that this Court grant the following relief:

A. Declare that AAIC does not have a duty to defend Slocumb Law Firm, Michael Slocumb, or Joshua Stemle in the Malpractice Lawsuit;

B. Declare that AAIC does not have a duty to indemnify Slocumb Law Firm, Michael Slocumb, or Joshua Stemle for any judgment in favor of Lamiece Janice Rose Flannigan, as Executor of the Estate of Jimmie Nickerson in the Malpractice Lawsuit;

C. Declare that Lamiece Janice Rose Flannigan, as Executor of the Estate of Jimmie Nickerson, cannot recover against AAIC in this case;

D. Grant AAIC such other, further, or different relief to which it may be entitled.

Respectfully submitted,
/s/ Connie Ray Stockham
Connie Ray Stockham (ASB-6238-K69C)
Hannah Mebane Thrasher (ASB-4334-H58M)
Attorneys for Plaintiff
American Alternative Insurance Corporation

OF COUNSEL:
**STOCKHAM, COOPER & POTTS, P.C.**
1111 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
Telephone:  205.776.9000
Email:          cstockham@scplaw.net
                    hthrasher@scplaw.net